STUEBING–COWAN CO. v. SEMPLE et al.

District Court, D. New Jersey. February 8, 1928.

No. E–2281.

Edward G. Curtis and Emery, Booth, Janney & Varney, all of New York City, for plaintiff.

Philipp, Sawyer, Rice & Kennedy and H. M. Humason, all of New York City, for defendants.

BODINE, District Judge. The question before the court in this case is the validity of United States letters patent No. 1,575,-462 to William Stuebing, Jr. The invention claimed is for a portable skid or platform used for supporting various articles for transportation by means of lifting trucks.

The old practice of placing upon the floor raw materials and finished product does not obtain in up-to-date manufacturing plants. The practice is to place such articles upon platforms, and when there is need for the articles in another place to run under the platform a lifting truck. After the truck is raised, the load is run to the point needed, and the lifting mechanism is tripped and the truck is run off to some other point for further use. There is, of course, great commercial advantage in such practice. The load placed upon the skids is not handled nearly so much, and the lifting truck is used to the fullest extent.

The practice was to make such platforms of wood. Stuebing says in his specifications

concerning his invention, page 1, line 61, et seq., as follows:

"The present invention in its preferred form provides a skid having a floor of wood but in which the rigidity of the floor is increased by angle irons, or bars, which protect the ends of the boards and which are so constructed and arranged as to provide a truss-like arrangement of sufficient rigidity to support any loads to which the skid is to be subjected."

Claims 3 and 9 relied upon are as follows:

"3. A portable skid, for use with a lifting truck, comprising a rigid floor made up of a number of transversely extending floor members and longitudinally extending upper and lower angle bars at each side of the floor secured to the ends of the floor members and to each other to form trusses, each upper angle bar having a horizontal flange bearing against the tops of the floor members arranged to receive and sustain the upward pressure of the lifting truck on the floor members and a vertical flange overlying and protecting the ends of the floor members arranged to stiffen the horizontal flange to sustain the stresses thereon, and each lower angle bar having a horizontal flange bearing against the under sides of the floor members and a depending vertical flange arranged to stiffen the horizontal flange to sustain the stresses thereon, and legs secured to the lower angle bars, the depending flanges of the lower angle bars lying inside of the legs and providing guides for a lifting truck introduced beneath the skid to protect the legs and to determine the position of the lifting truck relative to the skid and its load."

"9. A portable skid, for use with a lifting truck, consisting of a number of transverse boards, trusses connecting said boards at their ends to form a rigid floor, said trusses each consisting of an upper and a lower angle bar secured to the ends of the boards and to each other, said upper and lower angle bars being separate from each other and adjustable toward each other in assembling the skid to accommodate the thickness of the boards, the upper angle bar having a horizontal flange engaging the tops of the boards and a vertical flange engaging and protecting the ends of the boards and the lower angle bar having a horizontal flange engaging the lower faces of the boards and a depending vertical re-enforcing flange, legs secured to the lower angle bars to support the skid, and bolts each passing through a leg, two angle bars and a

board whereby the whole structure is connected by one set of bolts."

Figure 2 of the patent shows the arrangement of the angle irons designed to bear the strain incident to raising the lifting truck and sustaining the load when lifted.

The patentee takes an angle iron and places the horizontal flange over the floor boards which may be of different widths. The vertical flange lies over the edges of the floor boards. He then places the other angle iron with its horizontal plane against the under side of the floor boards and with its vertical flange extending downward. The angle irons are bolted together. This arrangement is shown in Figure 4:

VIEW TAKEN FROM
FIG.—4—OF THE
PATENT IN SUIT

The upper angle iron saves the outer edge of the board from wear. The bolts pull against the iron on both sides of the floor, and the vertical flange of the bottom iron braces the platform when lifted.

The early platforms were made entirely of wood and broke readily. The wooden side runners afforded far less strength than is procured with the angle irons so arranged by the patentee. The Stuebing platforms went into broad commercial use, and have been imitated by the defendant and others.

Stuebing merely claims to be the inventor of the lifting platform with the arrangement of angle irons specified. He braces the platform by using an upper angle iron and a lower angle iron in the most convenient way possible to secure strength.

The use of wood for the floor is obviously old. Re-enforcing a wooden platform

with iron is old. In combining the wood and the iron into a platform, Stuebing used neither new elements nor obtained a different function. He secured merely a better platform, with old instrumentalities, than his predecessors had done. He was merely using ready at hand and generally understood appliances for strengthening a wooden platform. He used no novel elements, and in re-enforcing the wooden platform he cannot be said to have done more than to have used the mechanical skill available to any one skilled in the art.

However unnecessary, the diligence of counsel has found almost precise prior art disclosures.

The Equipto platform made and used in 1918 had in place of wooden runners metal angles upon which the planks are bolted. True, it lacks the upper angle iron which serves both as a medium to hold the bolts and protect the edges of the flooring.

The Ibach platform, however, did protect the floor boards by means of an iron strip running along the top to which the lower irons were bolted. This platform was made and used between 1915 and 1916.

The Buick platform is similar to the Equipto platform, but it has upper angle irons to which the bolts fastening the platform to the lower angle irons are fastened. These upper angle strips are not placed over the edge of the floor boards, but are so placed as to keep the load from slipping.

The Packard four-wheel truck is, of course, not a lifting platform but a wheel vehicle. However, it had a floor made of transverse boards with a beam underlying and supporting them at their ends and an angle iron overlying the board ends and bolted through the boards to the underlying beam—an arrangement precisely similar to Stuebing's.

The Packard four-wheel truck was made to secure strength. Stuebing made his platform for precisely the same purpose. And to obtain this result, Stuebing used the same method of supporting and protecting his boards that were used in the Packard truck.

It seems hardly necessary to mention the Lansing, Koehler, and Wright trucks. The Kline and Schrader boardwalk patents were for a flooring of wood supported from below and protected on the top by iron.

Paraphrasing from Mr. Justice Stone's opinion in Concrete Appliances Co. v. Gomery, 269 U. S. 177, 184, 46 S. Ct. 42, 45 (70 L. Ed. 222), the result is as follows:

"The observations of common experience in the mechanical arts would lead one to expect that once the feasibility of using [lifting platforms] in [factory] operations was established, the mechanical skill of those familiar with engineering and building problems would seek to make use of known methods and appliances for the convenient [construction of such platform]."

Such Stuebing did. He used in his lifting platforms the angle iron which had been used to make strong trucks and strong boardwalks, and nothing more. Such acts are less than invention.

The bill will be dismissed.